# Hastings v. Speer & Company.

*Evidence—Admission in statement not denied in affidavit—Parol contract.*

The question at issue being as to what were the terms of a parol agreement, an admission in plaintiff's statement, which was material and relevant to the issue, was competent evidence on behalf of defendant, and where the plaintiff had put in evidence so much of the statement as was " admitted and not denied in the affidavit of defense " and where this part of the statement was not denied, it was evidence for all purposes as fully as if the defendant had offered it. It follows that it was error to refuse defendant's counsel permission to read and comment on the same to the jury.

*Evidence—General rule of cross-examination.*

Under the general rule cross-examinations must be confined to matters stated in the examination in chief.

In any event a defendant can claim no prejudice from being held strictly to the rule as thus stated when, having called the plaintiff as under cross-examination in the presentation of his, defendant's case, he was permitted to cross-examine fully on the matter in which his cross-examination, pending the plaintiff's case, was excluded.

Argued May 8, 1900. Appeal, No. 67, April T., 1900, by defendant, in suit of J. M. Hastings against D. R. Speer, trading as D. R. Speer & Company, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1898, No. 287, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Assumpsit. Before WHITE, P. J.

It appears from the evidence and the record that pursuant to a parol agreement, certain lumber alleged to have been sold by the plaintiff to the defendant, the terms of sale being in controversy, was turned over by both parties to one W. W. Brown, a commission dealer, who sold the same, paid $100 to plaintiff and embezzled the remainder of the proceeds. The allegation was that the lumber was to be sold for a joint account and the question in controversy was whether defendant was liable for one half of the loss of the embezzlement.

Other facts are given in the opinion of the Superior Court.

[At the trial the court ruled that defendant's attorney could not comment to the jury on any portion of the plaintiff's statement of claim, which ruling is as follows:

During the argument to the jury, Mr. Ivory proposes to read to the jury from the affidavit of claim and is stopped by the court.

Mr. Ivory : Defendant offers that portion of the statement of claim in his case, to wit: the last paragraph of the second, and the first paragraph of the third page, for the purpose of showing what the agreement was between Speer and the plaintiff.

The Court: The defendant did not offer any portion of this affidavit of claim in evidence, and hence, it is improper to read any portion of it to the jury. Besides that, the defendant examined the plaintiff fully—cross-examined him on the whole subject. The offer to read the deposition to the jury is refused. Exception noted for defendant.] [4]

The court also ruled as follows on the following offer by defendant:

[I propose to ask the witness on cross-examination in regard to the examination of this lumber at Depew, N. Y., with Arthur Speer, who represented the defendant, the examination of the lumber testified to by the witness in his examination in chief.

The Court: This is trying to introduce the defense which is set forth in the affidavit of defense, the only proper cross-examination would be as to the quality of the lumber, but the defendant cannot go into the defense set forth in the affidavit of defense, and this question is directly on that line. Objection to it is, therefore, sustained. Exception noted for defendant.] [5] .

[The court refused to allow defendant to cross-examine the plaintiff, the questions, answers and rulings being as follows:

Mr. Ivory: " Q. Mr. Hastings, you testified that this lumber was No. 1 Norway? A. Yes, sir, such as the order calls for. Q. Did you not submit that question to the expert at Buffalo? A. No, sir."

The Court: This is still an effort on the part of the defendant to introduce the defense as set forth in the affidavit of defense. It is wholly improper. The defendant can bring out those things when the defense comes before the jury, but I will not permit the defendant to squirm out of the plaintiff here the defense set forth in the affidavit. Exception noted for defendant.] [6]

Defendant submitted the following point:

[1. It being admitted by the plaintiff that the defendant refused to accept the lumber in suit, and that after the refusal a new agreement was made under which the lumber was sold by an agent on their joint account, under the pleadings and all the evidence in the case the verdict must be for the defendant. *Answer*: Refused.] [1]

The court charged the jury in part as follows:

[The counsel spoke about the plaintiff taking back that lumber. There is not a particle of testimony to sustain that position—not a particle. He never took back the lumber, and there is not a particle of testimony that he did.] [2] . . . .

[Now, what is the loss of the plaintiff? The plaintiff has a loss of $568.48 on the original cost of this lumber. It is wholly immaterial now to inquire whether this was No. 1 Norway or not. The parties agreed that that lumber should be sold for whatever it would sell for, and divide the loss. After crediting the defendant with the $150 paid and the $100 that Brown paid, there is a balance of $568.48. That, then, is the loss of the plaintiff upon the lumber sold, according to the prices here.] [3]

Verdict and judgment for plaintiff for $353.86. Defendant appealed.

*Errors assigned* were (1) refusal of defendant's point, reciting point and answer. (2, 3) To portions of the judge's charge, reciting same. (4–6) To rulings on evidence, reciting same.

*R. B. Ivory*, for appellant.—Our third assignment raises a simple problem in mathematics. This was not an oversight of the court, because at the close of the case the court stated to counsel the only issue that should go to the jury was whether Brown was agent for plaintiff or for both, and the amount involved was $818, less $250, divided by two.

His attention was then directed to this error and counsel was rebuked for mentioning it. Again in the argument to the jury counsel raised the problem in the hope that the court would see the error. The trial judge promptly stopped the remarks and said that was settled.

Under the court's theory that plaintiff could recover one half of the net loss if Brown was agent for both this is the problem :

| | |
|---|---:|
| Original price of lumber . . . . . | $818 00 |
| Deduct payment by Brown . . . . | 100 00 |
| Net loss . . . . . . . . | $718 00 |

One half of $718 is $359, deduct payment made by defendant, $150, leaving amount due $209, add interest from spring of 1896 (four years) $52.25, making total, $261.25.

Our fourth assignment complains that the court refused to allow counsel to comment to the jury on the portions of plaintiff's statement of claim offered in evidence. The record shows that plaintiff offered the portions of the statement not denied. On those we proposed to argue to the jury. Defendant certainly did not deny the part relating to the second agreement.

Not caring (or daring) to argue further with the court, we then offered the statement out of order. The court did not refuse our offer but ruled that because we had not offered the statement ourselves we could not argue from any portion of it to the jury, although it was in evidence under the plaintiff's offer.

*C. S. Crawford*, for appellee.—Appellant was favored, slightly,

by the court below and the jury in the calculation of the amount.   The amount should have been determined as follows : original cost of lumber, $818.48 ; deduct amount turned in by Brown, 100.00 ; leaves a balance of $718.48, one half of which would be $359.24.   Appellant advanced $150 for freight, one half of which should be borne by appellee ; deducting this one half, or $75.00, from $359.24, would leave $284.24.   And. to this add interest from October 10, 1895, $76.17, would make a total of $360.41 due the appellee under the appellant's theory of the contract.

The case was tried and submitted to the jury in every light favorable to the appellant, and his assignments of error are merely elusive.

OPINION BY RICE, P. J., October 8, 1900 :

The defendant gave an order to the plaintiff for a quantity of lumber to be shipped to a customer of the defendant at Depew near Buffalo in the state of New York.   The lumber was duly shipped but the defendant's customer refused to accept it. There was some controversy between the parties as to whether the lumber was of the kind and quality ordered.   But it is not necessary to discuss the merits of that controversy here, for both parties admit that in settlement of it a new agreement was entered into to the effect that the lumber should be sold, and the loss on the sale be equally divided between the plaintiff and the defendant.   The lumber was sold by one Brown, a commission dealer, who paid to the plaintiff $100 and embezzled the remainder of the proceeds of the sale.   The principal question in the case was whether or not the defendant was liable to the plaintiff for one half the loss consequent upon Brown's embezzlement.   The determination of this question depended upon the terms of the new agreement above referred to.   Upon that point the testimony was conflicting.   The plaintiff contended on the trial that the agreement was that Brown should sell the lumber and pay the proceeds to the plaintiff, and that if there was any loss the defendant would pay one half, in other words, that the lumber was to be sold for their joint account, and that Brown was the chosen agent of both parties in the transaction.   The defendant's contention was that the plaintiff undertook to sell the lumber on his own re-

sponsibility, and that the defendant undertook to pay him one half the difference between what it cost the plaintiff in Buffalo and what he should sell it for. If this was the agreement the defendant was under no obligation to make good any part of the loss occasioned by the embezzlement of the agent selected by the plaintiff to make the sale, and so the learned judge correctly and very clearly instructed the jury. It is thus seen that the admission contained in the plaintiff's sworn statement of claim that negotiations had been entered into between plaintiff and defendant in respect to the lumber "whereby plaintiff undertook to dispose of the same so that defendant would not be subjected to a great loss" was material and relevant to the issue submitted to the jury. If it did not conclude the plaintiff, the admission was certainly important evidence in favor of the defendant's contention. The reason given for not permitting the defendant's counsel to read it to the jury is not satisfactory. It is true he had not offered the statement of claim in evidence, but the learned judge inadvertently overlooked the fact that the plaintiff had put in evidence so much of the statement as was "admitted and not denied in the affidavit of defense." This part of the statement was not denied, therefore it was in evidence for all purposes as fully as if the defendant had offered it. It follows that it was error to refuse defendant's counsel permission to read, and comment on the same to the jury. The fourth assignment of error is sustained.

Assuming that the agreement was as claimed by the plaintiff, what was the net loss and what is the amount still due from the defendant? Upon the present assumption the balance due from the defendant was to be ascertained by deducting from the cost of the lumber at Buffalo the sum received from Brown, dividing the balance by two and crediting the defendant with the $150 advanced by him to pay freight. If $818.48 was the cost of the lumber delivered at Buffalo the amount due from the defendant without interest was $209.24. If, however, $818.48 was the original cost of the lumber at point of shipment, as urged by plaintiff's counsel, and the freight to Buffalo was $150, as intimated in the defendant's testimony, the balance due without interest was $284.24. In either view of the facts the instructions complained of in the third assignment of error were not strictly accurate, but in the latter view they resulted more

favorably to the defendant than he was entitled to demand. The evidence upon the subject is not clear, and the defendant has not seen fit to print the copy of the account attached to the plaintiff's statement, which, perhaps, would have cleared up the difficulty. On another trial the facts will doubtless more clearly be shown, and we have stated the rule that is to govern. It is not necessary to discuss this assignment further.

The second assignment does not require particular discussion further than to say that the remark complained of, as explained by the clear instructions which followed, was not prejudicial to the defendant. The question at issue under the evidence was fairly presented, in terms which the jury could not have failed to understand. The effect of this instruction was to prevent their minds from being diverted from that issue, and deciding the case upon the unwarranted theory that there was an absolute and unconditional rescission of the sale. This assignment is overruled.

By a strict application of the general rule that cross-examination must be confined to matters stated in the examination in chief the court was fully warranted in the rulings complained of in the fifth and sixth assignments. Moreover, even if the court applied the rule too strictly it did the defendant's case no harm, for when in the presentation of his own case he called the plaintiff for cross-examination the court informed him that he could then cross-examine fully upon the matters referred to in the assignments, and he availed himself of the privilege. In no view have these assignments any merit. They are, therefore, overruled.

The question raised by the first assignment is not free from technical difficulty, but we are not convinced that it has substantial merit. The plaintiff, anticipating the defense that would be set up, alleged in his statement of claim, whether regularly or not is immaterial, that the new agreement by which the extent of the defendant's liability should be determined was void for fraud. The defendant set up the new agreement in his affidavit of defense and introduced evidence to sustain it. This was met by counter evidence as to the terms of the agreement, but by no evidence sufficient to warrant the plaintiff in rescinding it upon the ground of fraud. The new agreement as established by the verdict went to the amount of the defendant's

liability, not to the plaintiff's right to recover anything on the original contract. We cannot say, therefore, after a full trial on the merits, induced by the defendant's own action, that the issue raised by the evidence was so different from that raised by the pleadings that it was error to submit it to the jury. If the defendant had seen fit to offer no evidence, the plaintiff's situation under the pleadings when he rested his case in chief might have been more serious. This assignment is not sustained.

The judgment is reversed and a venire facias de novo awarded.